IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR352** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **LEOVIGILDO NEVAREZ-SANCHEZ,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's Statement Regarding the PSR (Filing No. 57). Although the government did not file objections as required by ¶ 6 of the Order on Sentencing Schedule, the government objects according to the Addendum of the PSR. *See* "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that: the most readily provable amount of marijuana for which the Defendant should be held accountable is at least 100 but less than 400 kilograms, resulting in base offense level 26; the resulting sentencing guideline range is 57-71 months; and the Defendant shall be sentenced within the stated guideline range.

The PSR states that the Defendant is responsible for 1.67 kilograms of actual methamphetamine, resulting in base offense level 38. The PSR also includes a 2-level enhancement for being an organizer, leader, manager, or supervisor.[1]

---

[1] The PSR does not specify which label applies.

The government objects to the quantity alleged in ¶ 27 and the 2-level role enhancement in ¶ 29. The Defendant's Statement discusses the parties' reasoning for entering into the Rule 11(c)(1)(C) provision and asks that the Court approve the Rule 11(c)(1)(C) plea agreement.

The Court's tentative findings are: the Rule 11(c)(1)(C) plea agreement should be upheld; the base offense level is level 26; there is no role enhancement; the adjusted offense level is 26; the total offense level is 23; the sentencing guideline range based on total offense level 23 and criminal history category III is 57-71 months.

IT IS ORDERED:

1. The Defendant's objections (Filing No. 57) to the PSR are granted;

2. The government's objections (PSR, Addendum) are granted;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final;

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge